IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOM FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-1086-GMS |
| | ) |
| GMAC MORTGAGE, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM ORDER

At Wilmington this 26th day of July, 2013;

IT IS ORDERED that the Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Texas, Forth Worth Division, for the reasons that follow:

The plaintiff, Tom Franklin ("Franklin"), who resides in Fort Worth, Texas, filed this lawsuit pursuant to the Fair Debt Collections Practices Act. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The action is brought against GMAC Mortgage ("GMAC") and seeks $10,000,000 in compensatory damages, as well as injunctive relief, in connection with foreclosure proceedings instituted by GMAC against property that appears to be owned by Franklin.

A civil action wherein jurisdiction is not founded solely on diversity of citizenship is properly brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property

that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The Court may transfer a case, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." *Id.* §1404(a). The Court may raise venue and issue a Section 1404(a) transfer order sua sponte. *See e.g., Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167 (3d Cir. 2011).

Here, it appears that a substantial part, if not all, of the events or omissions giving rise to Franklin's claims occurred in, and that the property at issue in this action is situated in, Fort Worth, Texas. Fort Worth, Texas lies in Tarrant County and is within the Fort Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2). The court considers the allegations in the complaint and finds the interests of justice favor transferring the action to the Fort Worth Division of the Northern District of Texas, where the property is located and where, based upon the allegations, it appears most of the witnesses are located.

In addition, the court notes that Franklin filed identical complaints in the United States District Court for the Eastern District of Pennsylvania, *Franklin v. GMAC Mortgage*, Civ. No. 13-171-WY (E.D. Pa. Feb. 6, 2013), dismissed without prejudice to the right to file suit in another jurisdiction, affirmed on appeal, and in the United States District Court for the Northern District of Texas, Fort Worth Division, *Franklin v. GMAC Mortgage*, Civ. No. 13-444-Y (N.D. Tex.), where it remains pending.[1]

---

[1] The Fort Worth Division case was originally filed in the Dallas Division of the United States District Court for the Northern District of Texas. It was transferred sua sponte pursuant to

For the above reasons, the Clerk of Court is directed to transfer this action the United States District Court for the Northern District of Texas, Forth Worth Division.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

---

28 U.S.C. § 1404(a) on May 30, 2013. *Franklin v. GMAC Mortgage*, Civ. No. 13-1680-D (N.D. Tex.)